UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ANTONE ALFAMA III,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 17-cv-01002-MMA (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 14, 21)** |

This Report and Recommendation is submitted to the Honorable Michael M. Anello, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

On October 20, 2016, plaintiff Frank Antone Alfama III filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits. (ECF No. 1.)

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's cross-

1

motion for summary judgment be **GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

## PROCEDURAL BACKGROUND

On March 19, 2013, plaintiff protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning on December 24, 2011. (Certified Administrative Record ["AR"] 177-78.) After his application was denied initially and upon reconsideration (AR 95-99, 101-06), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 107-08.) An administrative hearing was held on July 13, 2015. Plaintiff appeared at the hearing with counsel, and testimony was taken from him and a vocational expert ("VE"). (AR 32-59.)

As reflected in his August 8, 2015 hearing decision, the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, from his alleged onset date through June 30, 2015, his date last insured. (AR 9-24.) The ALJ's decision became final on March 20, 2017, when the Appeals Council denied plaintiff's request for review. (AR 1-5.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff did not engage in substantial gainful activity from December 24, 2011, his alleged onset date, through June 30, 2015, his date last insured. (AR 11.)

At step two, the ALJ found that plaintiff had the following severe impairments through the date last insured: history of cervical discectomy and fusion, degenerative disc disease, depression, anxiety, personality disorder (NOS), and epilepsy. (AR 11.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (AR 12.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that plaintiff could not work on unprotected heights or on dangerous machinery and could not climb ladders. Plaintiff could occasionally climb ramps and stairs; could occasionally stoop and bend; and could occasionally lift above shoulder level. Plaintiff could engage in routine, noncomplex tasks and could work in a non-public setting. Plaintiff could have no sustained, interaction with coworkers or supervisors, but was not precluded from incidental or brief social conversation. (AR 14.)

At step four, the ALJ determined that plaintiff was not able to perform any of his past relevant work as a stock clerk, mail truck driver, or parts clerk due to their exertional levels. (AR 22.)

For purposes of his Step Five determination, the ALJ adduced and accepted the VE's testimony that a hypothetical person with plaintiff's vocational profile could make a successful adjustment to other work that existed in significant numbers in the national economy (*i.e.*, mail room clerk and garment folder). (AR 23.) Accordingly, the ALJ found that plaintiff was not disabled. (AR 24.)

**DISPUTED ISSUES**

As reflected in plaintiff's cross-motion for summary judgment, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the ALJ failed to properly evaluate the opinions of two examining physicians, Dr. Lyons and Dr. Paul.

2. Whether the ALJ failed to properly evaluate the lay witness testimony of plaintiff's wife.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

### A. Reversal is not warranted based on the ALJ's alleged failure to properly evaluate the opinions of the two examining physicians.

To reject the uncontradicted opinion of an examining physician, an ALJ must provide "clear and convincing" reasons. Where the examining physician's opinion is contradicted by that of another doctor, the ALJ must provide "specific and legitimate" reasons that are supported by substantial evidence in the record. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999); *Lester v. Chater*, 81 F.3d 821, 8301-31 (9th Cir. 1996); *Andrews v. Shalala*, 53 F.3d 1041(9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for rejecting the opinions of examining workers compensation psychologist Lawrence Lyons expressed in his November 7, 2012 psychological evaluation report and his two ensuing supplemental reports and by failing to give any reasons for not mentioning Dr. Lyons' opinions in his decision. (*See* ECF No. 14 at 18.) However, contrary to

plaintiff's contention, the ALJ did discuss Dr. Lyons' initial November 7, 2012 psychological evaluation report (AR 391-413) in his decision. (*See* AR 16.) While Dr. Lyons diagnosed that plaintiff suffered various mental impairments, diagnosis alone does not establish disability under the Act. *See Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). Plaintiff has failed to specify which opinions regarding plaintiff's work-related limitations by Dr. Lyons the ALJ supposedly rejected in making his RFC determination, which is not surprising because Dr. Lyons did not specifically opine that plaintiff's mental impairments caused any work-related limitations. Indeed, Dr. Lyons assessed plaintiff's Global Assessment of Functioning ("GAF") score at 61, which is indicative of only mild symptoms.[1] Nor has plaintiff specified in what respects the ALJ's RFC determination, which included limitations based on plaintiff's mental impairments, supposedly was inconsistent with Dr. Lyons' opinions.

The Court finds that there is no need for the ALJ to discuss Dr. Lyons' March 26, 2013 supplemental report (AR 563-65) or his August 26, 2013 supplemental report (AR 642-44) because Dr. Lyons stated in both that his findings remained unchanged from his earlier report. (*See* AR 564, 643.) *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[I]n interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'").

---

[1] The GAF range for "absent or minimal symptoms" is 81–90, and the GAF range for "no more than slight impairment in social, occupational, or school functioning" is 71–80. A GAF score in the range of 61–70 is indicative of "[s]ome mild symptoms (e.g., *depressed mood and mild insomnia* ) OR some difficulty in social, occupational, or school functioning (*e.g., occasional truancy, or theft within household* ), but generally functioning pretty well, has some meaningful interpersonal relationships." *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders,* 32 (4th ed.).

Plaintiff further contends that the ALJ erred by not discussing the September 23, 2010[2] evaluation report by examining workers' compensation psychiatrist Robindra Paul, M.D., wherein Dr. Paul opined that plaintiff was temporarily totally disabled. (*See* ECF No. 14 at 18-19.) However, this evaluation report (AR 328-65) was issued more than 15 months prior to the alleged onset date of December 24, 2011. (ECF No. 21-1 at 18, citing AR 362.) The Court also notes that, in the accompanying "Qualified Medical Evaluator's Findings Summary Form," also dated September 23, 2010, in response to the question, "Can this employee now return to his/her usual job," Dr. Paul checked off the "Yes" box and indicated that his answer was "yes" as of September 23, 2010 with unspecified restrictions. (*See* AR 324.) Plaintiff has failed to articulate how these conflicting opinions by Dr. Paul, rendered more than 15 months prior to plaintiff's alleged onset date of December 24, 2011, were relevant to the ALJ's determination of whether plaintiff was disabled during the period December 24, 2011 through June 30, 2015 or probative of plaintiff's RFC during that period. *See Howard*, 341 F.3d at 1012 (an ALJ need only discuss evidence that is significant and probative).

Moreover, the Court disagrees with plaintiff the ALJ erred in not giving proper weight to Dr. Paul's February 20, 2014 supplemental report (AR 574-613), and in not mentioning Dr. Paul's April 30, 2014 supplemental report (AR 628-39). (*See* ECF No. 14 at 18-19.) Neither supplemental report contained any opinions regarding plaintiff's work-related limitations. Both of these 2014 supplemental reports by Dr. Paul merely related plaintiff's complaints, contained more detailed descriptions of his condition, included conclusions about whether plaintiff had established causation between his employment and his injury in the workers' compensation claim context, and reflected Dr. Paul's disagreement with Dr. Lyons on this point and others. Plaintiff has failed to convince the

---

[2] Although plaintiff referred to this report as dated October 18, 2010, the signature date on the report was September 23, 2010. (*See* AR 365.) October 10, 2010 was the date of the cover letter to the Workers Compensation Judge. (*See* AR 310-13.)

6

17-cv-01002-MMA (RNB)

Court that either of Dr. Paul's 2014 supplemental reports contained any opinions that were relevant to the ALJ's determination of plaintiff's RFC that the ALJ needed to evaluate.

The Court therefore finds that reversal is not warranted based on the ALJ's alleged failure to properly evaluate the opinions of Dr. Lyons and Dr. Paul.

**B. Reversal is not warranted based on the ALJ's alleged failure to properly evaluate the lay witness testimony of plaintiff's wife.**

The law is well-established in this Circuit that lay witness testimony as to how a claimant's symptoms affect the claimant's ability to work is competent evidence and cannot be disregarded without providing specific reasons germane to the testimony rejected. *See, e.g., Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Here, plaintiff's wife completed a Third Party Function Report in which she stated *inter alia* that plaintiff rarely went out and seldom left the house. (*See* AR 258-66.) In his decision, the ALJ stated that plaintiff's wife's "opinion" was "given little weight" as she "is not an acceptable medical source and her opinion is similar to the claimant's testimony." (AR 22.)

The Court finds that the first reason proffered by the ALJ is not a legally sufficient reason on which the ALJ could properly rely to find that plaintiff's wife's testimony was not credible. A lay witness's lack of medical training does not disqualify him or her from proffering a probative opinion about the severity of a claimant's impairments and his ability to work. *See Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) ("A lay person, . . . though not a vocational or medical expert, was not disqualified from rendering an opinion as to how [a claimant]'s condition affects his ability to perform basic work activities."); 20 C.F.R. § 404.1513(d)(4) (evidence provided by lay witnesses may be used to show "the severity of [a claimant]'s impairment(s) and how it affects [the claimant]'s ability to work").

The other reason proffered by the ALJ was that plaintiff's wife's testimony was similar to plaintiff's testimony. (*See* AR 22.) Based on its comparison of plaintiff's wife's testimony as reflected in the Third Party Function Report (AR 258-66) to plaintiff's testimony as reflected in the Adult Function Report (AR 245-53), the Court concurs. The Court notes that the ALJ also made an adverse credibility determination with respect to plaintiff's subjective symptom testimony, citing among other reasons plaintiff's non-compliance with his treatment regimen, his opting to not participate in group therapy recommended by his treatment providers, his looking for work during the relevant disability period, his reporting that he would only work in a position that paid him what he wanted and was conveniently located, and evidence in the record of apparent symptom exaggeration. (*See* AR 14-15.) The Court finds that these constituted sufficiently specific reasons on which the ALJ could properly rely in support of his adverse credibility determination with respect to plaintiff's subjective symptom testimony.[3] *See Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012) (concluding that an ALJ may discredit claimant testimony based on an unexplained or inadequately explained failure to complete a course of treatment); *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (ALJ properly discredited subjective symptom testimony based on finding that claimant engaged in exaggeration); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (same where claimant had "tendency to exaggerate"); *see also Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989) (ordinary techniques of credibility evaluation apply in social security

---

[3] The Court notes that an ALJ is only required to provide clear and convincing reasons for rejecting a claimant's testimony when there is no evidence of malingering. *See Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). Here, the ALJ did make a finding and cite evidence in the record of symptom exaggeration and possible malingering (see AR 15, citing AR 723, 751); therefore, the ALJ was not required to provide clear and convincing reasons for rejecting plaintiff's subjective symptom testimony, but rather merely reasons that were sufficiently specific to support the ALJ's adverse credibility determination.

cases). Indeed, plaintiff is not even challenging the ALJ's adverse credibility determination with respect to his subjective symptom testimony.

It follows that the ALJ's legally sufficient reasons for rejecting plaintiff's subjective symptom testimony also constituted legally sufficient reasons for rejecting plaintiff's wife's lay witness testimony. *See Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ gave germane reasons for rejecting her testimony."); *see also Molina*, 674 F.3d at 1122 (even where ALJ completely failed to discuss lay witness testimony, "given that the lay witness testimony described the same limitations as Molina's own testimony, . . . the ALJ's reasons for rejecting Molina's testimony apply with equal force to the lay testimony").

In conclusion, the Court finds that, even if the ALJ did err in relying on one of his two stated reasons in support of his adverse credibility determination with respect to plaintiff's wife's lay witness testimony, the error was harmless because the ALJ's other reason and ultimate adverse credibility determination was supported by substantial evidence. *See Valentine*, 574 F.3d at 694 (ALJ's improper rejection of testimony of claimant's wife because she was an interested party who never saw claimant at work was harmless error because there were other germane reasons for rejecting her testimony); *Williams v. Astrue*, 493 Fed. Appx. 866, 869 (9th Cir. 2012) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (where ALJ provided germane reason to discredit lay opinion, "under *Valentine* the ALJ properly discredited their testimony and the other improper reasons cited by the ALJ for discrediting their lay opinions were harmless.").

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's cross-motion for summary

9

17-cv-01002-MMA (RNB)

judgment be **GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See* Fed. R. Civ. P. 72(b)(2). *See id.*

IT IS SO ORDERED.

Dated: June 4, 2018

_____
ROBERT N. BLOCK
United States Magistrate Judge